PEOPLE ex rel. DADY v. SUPERVISOR OF TOWN OF GRAVESEND.

(Supreme Court, Appellate Division, Second Department.    June 16, 1896.)

MUNICIPAL CORPORATIONS—PUBLIC IMPROVEMENTS—ISSUANCE OF BONDS.

Laws 1895, c. 639, providing for the payment of the cost of local improvements in the late town of Gravesend, which was annexed to the city of Brooklyn, as the Thirty-First ward, by Laws 1894, c. 449, repeals all inconsistent acts and parts of acts, and constitutes the mayor and the comptroller of Brooklyn, and the supervisor of said Thirty-First ward, a commission to prepare and issue bonds for public improvements in said late town of Gravesend. *Held*, that the act of 1895 supersedes Laws 1893, c. 171, which authorized the supervisors of the town of Gravesend to issue bonds for public improvements, and the remedy of a person who is entitled to have such bonds issued for work done in such town is against the mayor and comptroller of the city of Brooklyn, and not against the supervisors of the town of Gravesend alone.

Appeal from special term, Kings county.

Application by Michael J. Dady for a writ of mandamus to compel the supervisor of the town of Gravesend to issue bonds of said town, in conformity to the provisions of Laws 1893, c. 171, to an amount sufficient to defray the expenses of constructing Neptune avenue, in said town, between West Fifteenth street and the westerly line of old lot 47. The application was granted, and defendant appeals. Reversed.

Argued before BROWN, P. J., and PRATT, CULLEN, BARTLETT, and HATCH, JJ.

Alfred E. Mudge, for appellant.

James C. Church, for respondent.

BARTLETT, J.    This is a renewal, on additional proofs, of an application which came before the general term of this department in May, 1895. People ex rel. Dady v. Supervisor, 89 Hun, 241, 35 N. Y. Supp. 91. The general term held, in substance, on the former appeal, that a resolution of the board of supervisors of Kings county which provided for the appointment of grading commissioners to improve Neptune avenue, between West Sixth street and old lot 47, in the town of Gravesend, did not authorize the appointment of grading commissioners to improve less than the whole of the avenue between the two points designated. On the present application the relator produced an amendatory resolution and other papers tending to show that, before the grading commissioners qualified and entered upon the discharge of their duties, the original resolution had been in part rescinded by the board of supervisors, so that in its amended form it provided for the grading of Neptune avenue only from West Fifteenth street, instead of from West Sixth

street, and the grading commissioners were appointed to grade, construct, and improve only that portion of the avenue extending from West Fifteenth street to old lot 47. The evidence thus indicating that the appointment of the grading commissioners had been made in conformity with the resolution of the board of supervisors authorizing the improvement was not before the special term or the general term in the previous proceeding. It would be necessary to consider and determine whether this new proof ought to change the result then reached, which was adverse to the relator, were it not that he must fail for a wholly independent reason. The relator claims as the assignee of a contract for the grading and construction of Neptune avenue, which was duly made between one John Curran and the grading commissioners, and demands that bonds be issued to provide for the payment of the amount due him, under chapter 171 of the Laws of 1893, which declares that the cost of all local improvements in the town of Gravesend shall be paid in the first instance by the sale of bonds of said town. That act prescribes, in much detail, the manner in which such bonds shall be issued and sold, and requires that they shall be signed by the supervisor and town clerk, and countersigned by the town treasurer. The town of Gravesend was annexed to the city of Brooklyn by chapter 449 of the Laws of 1894; but it is said that this statute had no effect upon the rights of parties interested in street openings or improvements, because the sixth section provides that:

"All proceedings now pending and unfinished for the opening, regulating, grading, paving or otherwise improving of any street or avenue in said town shall, except as otherwise provided in this act, be continued and completed in the same manner and under the same laws and with the like effect as though this act had not been passed."

Assuming that the act of 1893 relative to the sale of bonds for local improvements in Gravesend, and the provision just quoted from the Gravesend annexation act, taken together, would, in the absence of further legislation, warrant the issue of bonds, as prescribed in the earlier statute, to defray the expenses of unfinished street construction in that town, we are nevertheless of the opinion that the authority to issue bonds for such improvements as that under consideration here can no longer be found in those enactments, but must be sought in a more recent statute, to wit, chapter 639 of the Laws of 1895. This statute is entitled:

"An act to provide for the payment of the cost of local improvements and bonds issued for the payment thereof in the late town of Gravesend, now the Thirty-First ward of the city of Brooklyn."

It repeals all inconsistent acts and parts of acts. The first section constitutes the mayor, the comptroller, and the supervisor of the Thirty-First ward a commission—

"For the purpose of ascertaining and determining the amount of principal and interest due and unpaid upon bonds issued for local improvements, other than sewers, by the late town of Gravesend, and upon awards for lands taken for any such improvement, also upon contracts for work done or materials furnished in and about any such improvement, and also for and on account of all claims and expenses properly chargeable to any such improvement, including the completion of such improvements of like character now in

progress and unfinished as they in their discretion may determine ought to be completed."

The second section provides that:

"For the purpose of providing money to pay the amounts so found by the said commissioners to be due and unpaid and of meeting the expenditures authorized by the first section of this act, the mayor and comptroller of the city of Brooklyn are hereby authorized from time to time, upon the requisition of the said commissioners to prepare and issue bonds of said city to be called Gravesend Local Improvement Bonds, signed, sealed and countersigned in the same manner as the other bonds of said city."

The proceeds of the bonds are to be paid into the city treasury, as the "Gravesend Local Improvement Fund," and are to be expended in payment of the amounts found by the commissioners to be due and unpaid on account of any of the matters mentioned in the first section of the act, or in payment of the amounts necessary to finish any work which they determine ought to be completed. The third section directs that the assessments heretofore or hereafter levied with the annual taxes in the late town of Gravesend for any local improvement mentioned in the first section, and any such assessments, under $100, not levied with such taxes, shall be paid into the city treasury, to the credit of the Gravesend local improvement fund, and shall be applied to the payment of the local improvement bonds aforesaid, and the interest thereon. Finally, in the fourth section of the act, a method is provided whereby the owner of property assessed for local improvements in the town, where the assessment is to be levied in installments, may procure the discharge of his property at once by payment of the unlevied installments.

We have stated the provisions of the act of 1895 thus fully in order to show that it establishes a new and complete scheme, applicable to the changed condition of things arising out of the annexation of the town to the city, for the issue of bonds for all local improvements (except sewers) not yet paid for in the late town of Gravesend. This scheme is manifestly intended as a substitute for that prescribed by chapter 171 of the Laws of 1893, and, so far as the right to issue bonds for the Neptune avenue improvement is concerned, that statute must be deemed repealed. If the relator is entitled to have any such bonds issued, he must invoke the action of the mayor and comptroller of the city of Brooklyn, neither of whom is a party to the present proceeding. Under the view which we have expressed as to the effect of the act of 1895, the supervisor of the town of Gravesend cannot now lawfully issue the desired bonds, and hence may not be commanded to do so.

It follows that the order appealed from must be reversed. It is proper to add that the point upon which this reversal is directed does not appear to have been brought to the attention of the learned judge at special term. All concur.