(18 App. Div. 335.)

### PEOPLE ex rel. DADY v. BENNETT et al.

(Supreme Court, Appellate Division, Second Department. June 15, 1897.)

1. GRAVESEND—LOCAL IMPROVEMENTS—PAYMENT OF COST.

    Laws 1895, c. 639, providing for the payment of the cost of local improvements in the late town of Gravesend, applies only to such claimants as shall voluntarily appear before the commission therein designated, and submit to its jurisdiction; and no relief can be obtained under said act by one who does not so appear and submit.

2. PRACTICE—DENIAL OF RELIEF WITHOUT PREJUDICE.

    A mandamus was denied on the ground that a sufficient form of relief was provided for the relator under a special statute. Upon application for such relief the relator was held not entitled to it, in consequence of a point of law not raised or considered on the application for a mandamus. *Held*, that such denial should be without prejudice to a renewal of the application for a mandamus.

Appeal from special term, Kings county.

Mandamus by the people on the relation of Michael J. Dady against William V. B. Bennett, supervisor of the town of Gravesend, and others. From an order denying the application for a peremptory writ commanding defendants as members of a commission, under Laws 1895, c. 639, to pay the amount alleged to be due relator on a contract for constructing and grading Neptune avenue in the town of Gravesend, or to take proceedings for the issue of bonds on account of said contract, relator appeals. Affirmed.

Laws 1895, c. 639, entitled "An act to provide for the payment of the cost of local improvements and bonds issued for the payment therefor in the late town of Gravesend, now the Thirty-First ward of the city of Brooklyn," creates a commission to audit and adjudicate upon such claims, and provides (section 1) that "the award * * * shall be final and conclusive as against the said late town of Gravesend and all persons in interest who shall voluntarily appear before them and submit to their jurisdiction."

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Charles F. Brown, for appellant.
Alfred E. Mudge, for respondents.

WILLARD BARTLETT, J.    We think the learned judge at special term was right in holding that chapter 639 of the Laws of 1895 is applicable only to such claimants as shall voluntarily appear before the commission therein designated, and submit to its jurisdiction; and hence that the relator could obtain no relief under that statute, inasmuch as he had not consented that the commission should adjudicate upon his claim.    His application was doubtless due to the view which we expressed in regard to the scope and operation of the act of 1895 in People v. Supervisor of Town of Gravesend, 6 App. Div. 225, 39 N. Y. Supp. 983.    The argument is now pressed upon us that the construction then given to the statute would make it impair the obligation of the contract which the relator is seeking to enforce; and there seems much force in this suggestion, which was not made, and perhaps could not have been anticipated, by counsel in the former case.    At all events, the point certainly escaped our attention, and was not then considered.    On the present appeal it is clear that the order of the special term should be affirmed; but it is also equally clear that the relator is entitled to a reconsideration by this court of the question upon which the reversal in People v. Supervisor of Town of Gravesend was based.    It may be that the reversal can be sustained on other points, but the decision was placed solely on the substitution of a sufficient scheme of payment by the act of 1895. The relator may seek a further hearing on that question by renewing his application for a mandamus against the supervisor of Gravesend, or in such other manner as he may be advised; and the order of affirmance in the case at bar will be without prejudice to such proceedings on his part.

Order affirmed, but with leave to the relator to renew his application for a mandamus against the supervisor of Gravesend, or take such other proceedings as he may be advised to take for the like purpose.    No costs of this appeal.    All concur.