THE PEOPLE OF THE STATE OF NEW YORK ex rel. MICHAEL J. DADY, Appellant, v. THE SUPERVISOR OF THE THIRTY-FIRST WARD OF THE CITY OF BROOKLYN, formerly the Town of Gravesend, Respondent.

*Mandamus — when it will not be granted to compel a municipal corporation to issue bonds — grading commissioners of Gravesend — when their appointment is invalid.*

The court will not grant a mandamus to compel the issuance by a municipal corporation of bonds to pay for a public improvement if it is apparent that a serious question will arise as to their validity.

In a proceeding instituted by mandamus to compel the supervisor of the thirty-first ward of the city of Brooklyn, formerly the town of Gravesend, to issue

bonds of the town in compliance with the provisions of chapter 118 of the Laws of 1892, as amended by chapter 171 of the Laws of 1893, it appeared that the relator was engaged in the work of grading Neptune avenue, in the town of Gravesend, under a contract entered into with the grading commissioners of said town; that the power of directing such improvement was committed by the Legislature to the board of supervisors of Kings county, and that on June 13, 1892, by a resolution of said board, authority was given to open and grade the avenue "from West Sixth street to the westerly line of old lot 47, excepting that portion between Shell road and West Eighth street."

This resolution provided for the appointment of opening commissioners to estimate and award damages to the owners of property taken for the street, and to assess the same upon the property benefited, and that the report of the commissioners should be confirmed by the court after due notice to all parties concerned.

It also further provided that, after the confirmation of the report of the opening commissioners, the supervisor of the town of Gravesend should appoint three grading commissioners, who were empowered to cause the street to be graded, constructed and improved as a public highway, and to assess the expense thereof upon the lands and premises which, in their judgment, should be benefited by the improvement, which report was required to be confirmed in the same manner as the report of the opening commissioners.

The report of the grading commissioners in this case stated that they were appointed by the supervisor of the town for the grading and improvement of the avenue from West Fifteenth street to the westerly line of old lot 47, and it appeared that they were not appointed as such commissioners for that portion of the avenue between West Sixth street and West Fifteenth street.

*Held,* that the supervisor of the town of Gravesend had no power to appoint the commissioners except in strict accordance with the resolution of the board of supervisors, passed June 13, 1892; that such supervisor had no power under such resolution to appoint grading commissioners for a part of the street, and that such appointment and all proceedings thereunder, including the contract for the doing of the work, were void;

That the order confirming the commissioners' report did not cure such defect in the proceedings, the error being jurisdictional and the order of confirmation not affecting the order of appointment.

APPEAL by the relator, Michael J. Dady, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 22d day of April, 1895, denying his motion for a writ of peremptory mandamus.

*James C. Church,* for the appellant.

*H. B. Hubbard,* for the respondent.

Brown, P. J.:

The relator, under a contract with grading commissioners, is engaged in the work of grading Neptune avenue in the town of Gravesend, and seeks a peremptory mandamus to compel the respondent, as supervisor of said town, to issue bonds of the town in compliance with the provisions of chapter 118 of the Laws of 1892, as amended by chapter 171, Laws of 1893. The power of directing the improvement in question was committed by the Legislature to the supervisors of Kings county, and on June 13, 1892, by a resolution of said board, authority was given to open and grade the avenue "from West Sixth street to the westerly line of old lot 47, excepting that portion between Shell road and West Eighth street." The resolution provided for the appointment of opening commissioners to estimate and award damages to the owners of lands, buildings and other improvements taken for the street, and to assess the same upon the property benefited, and that the report of said commissioners should be confirmed by the Supreme Court or County Court of Kings county after due notice to all parties interested. It further provided that after the confirmation of the report of said opening commissioners the supervisor of the town should appoint three grading commissioners, who were empowered to cause the street to be graded, constructed and improved as a public highway, and to assess the expenses thereof upon the lands and premises which in their judgment should be benefited by the improvement, and the report of the grading commissioners as to such assessment was required to be confirmed by the court in the same manner and upon like notice as the report of the opening commissioners.

The report of the grading commissioners, which is attached to and made a part of the affidavit of the respondent, states that they were appointed by the supervisor of the town for the grading and improvement of the avenue from West Fifteenth street to the westerly line of old lot 47, and it appears that they were not appointed as such commissioners for the portion of the avenue between West Sixth street and West Fifteenth street.

The supervisor had no power to appoint commissioners except in strict accordance with the resolution of the board of supervisors. The resolution of the board established the procedure to open the street, and alone conferred jurisdiction upon the supervisor to act,

and the intent of the resolution of June thirteenth was to open and grade the whole street as therein designated in one proceeding, and the expense thereof was to be assessed upon the lands and premises benefited by the improvement as a whole. To divide the street and grade it in sections and make a separate assessment of the expense of each section upon property benefited by that section might work great injustice, and would be in direct conflict with the resolution of the board of supervisors, and overthrow absolutely the intent of the board in the assessment of the expenses of opening the street.

We are of the opinion, therefore, that the supervisor of the town had no power, under the resolution of June thirteenth, to appoint grading commissioners for a part of the street, and that such appointment and all proceedings based thereon, including the contract with the relator's assignor, were void. The order confirming the commissioners' report did not cure this defect in the proceedings. The error was jurisdictional, and the order of confirmation does not reach the order of appointment. Its validity was not necessarily a question before the court on the motion to confirm the commissioners' report. The appellant contends that this defect was cured by a subsequent resolution of the board of supervisors, passed December 12, 1892. That resolution changed the location of Neptune avenue between West Sixth and West Fifteenth streets by shifting it forty feet to the south. The northerly part of the original street was to be closed, and the resolution provided for proceedings to acquire title to the land included in the new strip. It did not establish a new proceeding for the grading of the full width of the avenue between the streets named. In terms it is made applicable only to the southerly one-half of the avenue as changed. Section 1 of the resolution provides for the "opening of the southerly one-half * * * as thus changed, and the closing of the northerly one-half as opened."

Section 2 provides for the appointment of three opening commissioners "for the purpose of opening said southerly one-half of Neptune avenue." And section 18 provides for the appointment of three grading commissioners "who shall enter upon the lands and premises taken for said avenue as aforesaid and cause the same to be graded."

There is no reference in this resolution to the resolution of June

thirteenth, and no reference to any other proceedings or lands taken for the street, and the words "lands and premises taken for said avenue as aforesaid," plainly have reference to the lands named in section 2, viz., "the southerly one-half of the avenue as changed," and which were to be taken for said avenue by the opening proceedings provided for in that and subsequent sections of the resolution. The effect of the resolution of December twelfth was, therefore, to repeal the prior resolution of June thirteenth only so far as it applied to the northerly one-half of the avenue as opened, but left it in full force as to the southerly one-half as opened. And it provided an entirely new proceeding for the opening and grading of the southerly one-half as changed.

The appointment of the grading commissioners with whom the relator's contract was made should, therefore, have included the northerly half of the avenue as changed between Sixth and Fifteenth streets, and that omission is fatal to the validity of the relator's contract.

It is very likely that there would have been practical difficulties in the way of grading the avenue between the streets named and assessing the expense thereof upon the property benefited in two separate proceedings. But such difficulties arise from the resolutions of the board of supervisors, and that body is the only tribunal that can correct them.

The bonds, which it is sought to compel the respondent to issue, are, by the statute authorizing them, made payable out of the assessments for grading the street, and the court should not issue a mandamus to compel their issue, if it is apparent that a serious question would arise as to their validity.

The order must be affirmed, without costs.

DYKMAN and PRATT, JJ., concurred.

Order affirmed, without costs.