MARTIN and BARTLETT, JJ., read for reversal and new trial ; ANDREWS, Ch. J., O'BRIEN and VANN, JJ., concur.

HAIGHT, J., reads for affirmance, and GRAY, J., concurs.

Judgment reversed and new trial granted.

---

THE PEOPLE OF THE STATE OF NEW YORK ex rel. MICHAEL J. DADY, Appellant, *v.* THE SUPERVISOR OF THE TOWN OF GRAVESEND, Respondent.

1. TOWN OF GRAVESEND — ANNEXATION TO BROOKLYN — ISSUANCE OF BONDS FOR STREET IMPROVEMENTS. Chapter 639, Laws of 1895, creating a commission to determine claims, and providing for the issuance of bonds, for payment for public improvements in the late town of Gravesend, annexed to the city of Brooklyn by chapter 449, Laws of 1894, does not deprive the holder of a contract for constructing and grading a highway, executed by the town authorities before the annexation, in a proceeding pending and unfinished at the time of the passage of the act of annexation, of the right to have bonds in payment of work done by him issued by the supervisor of the town, under chapter 171, Laws of 1893, where he has not submitted his claim for determination under the act of 1895.

2. CONSTRUCTION OF NEPTUNE AVENUE — RESOLUTIONS OF BOARD OF SUPERVISORS — APPOINTMENT OF GRADING COMMISSIONERS FOR PORTION OF AVENUE. Land having been condemned and vested in the town of Gravesend, Kings county, for the purposes of a public highway, called Neptune avenue, between West Sixth street and old lot 47, by proceedings instituted in pursuance of a resolution of the board of supervisors under chapter 554, Laws of 1881, the board of supervisors, on June 13, 1892, provided by resolution for the grading of Neptune avenue between West Sixth street and old lot 47, but nothing was done thereunder, and on

382          People ex rel. Dady v. Supervisor.          [Nov.,

Statement of case.          [Vol. 154.

December 12, 1892, a second resolution was passed providing for the closing of the avenue between West Sixth street and West Fifteenth street, for a change of the lines, and for the opening and grading thereof between those points. Before anything was done under this resolution, and on January 30, 1893, a resolution was passed amending and rescinding in part the resolution of June 13, 1892, so that it only provided for the construction and grading of the avenue between West Fifteenth street and old lot 47. Thereupon grading commissioners for Neptune avenue, between West Fifteenth street and old lot 47, were appointed by the town supervisor, by a certificate dated February 1, 1893, and on February 26, 1893, they made a contract for the construction and grading of the avenue between those points. *Held*, that the effect of the resolutions of December 12, 1892, and January 30, 1893, having been to so amend the resolution of June 13, 1892, as to limit the work of constructing and grading the avenue to the portion thereof between West Fifteenth street and old lot 47, it was lawful to appoint grading commissioners for that portion of the avenue.

3. CERTIFICATE OF APPOINTMENT OF GRADING COMMISSIONERS — CONTRACT FOR WORK. The certificate of appointment of the grading commissioners was dated February 1, 1893. The resolution of the board of supervisors of January 30, 1893, was not approved by the supervisor at large until February 2, 1893, and it was claimed that the certificate of appointment was, therefore, void. A resolution of the board of supervisors provided that grading commissioners, appointed by the supervisor of the town of Gravesend, should take an oath of office and file it with the town clerk. The grading commissioners in question took the oath of office on February 4, 1893, and filed it February 5, 1893. *Held*, that the appointment of the grading commissioners was not complete until the official oath was duly taken and filed; that as this was not done until after the resolution of January 30, 1893, had been approved by the supervisor at large, their appointment was lawful; and that the contract made by them was valid so far as affected by the regularity of that appointment.

4. MANDAMUS TO COMPEL ISSUANCE OF BONDS — PARTIES. On an application for a peremptory writ of mandamus to compel the supervisor of the town of Gravesend to issue bonds under chapter 171, Laws of 1893, in payment of work done by the relator under such contract for constructing and grading Neptune avenue, between West Fifteenth street and old lot 47, it was objected that there was a defect of parties, in that the town treasurer and clerk, who would have to join in executing the bonds, were not made parties. *Held*, that the objection was answered by the fact that the grading commissioners had refused the relator payment, for the alleged reason that the supervisor of the town had not raised the money in the manner provided by law; and it was fair to assume that if the courts should direct the supervisor to perform his duty, the other town officials would respect the decision and obey it.

5. CONFIRMATION OF REPORT OF COMMISSIONERS OPENING HIGH-
WAY — COLLATERAL ATTACK. The contract under which the work was
done for which the issuance of bonds was sought to be compelled by man-
damus, was made in 1893. The report of the opening commissioners,
opening the highway, was confirmed in 1886, and the confirmation had
not been attacked until the present proceeding. *Held,* that the order of
confirmation was in the nature of a judgment and could not be collaterally
attacked at this time — none of the points urged against it being jurisdic-
tional or such as to render the original proceeding laying out the avenue
void.

*People ex rel. Dady* v. *Supervisor,* 6 App. Div. 225, reversed.

(Argued November 22, 1897; decided November 30, 1897.)

APPEAL from an order of the Appellate Division of the
Supreme Court in the second judicial department, entered
June 19, 1896, which reversed an order of Special Term
granting to the relator a peremptory writ of mandamus.

The facts, so far as material, are stated in the opinion.

*Charles F. Brown* and *James C. Church* for appellant.
Chapter 639 of the Laws of 1895 did not repeal chapter 171
of the Laws of 1893, nor was it intended as a substitute for it.
Its manifest intention was to create a tribunal to whom par-
ties having disputed claims against the town might submit
their claims to arbitration. If susceptible of the interpreta-
tion granted to it by the Appellate Division, upon the appeal
in this proceeding, it was unconstitutional, in that it impaired
the obligation of contracts. (*People ex rel.* v. *Bennett,* 18
App. Div. 335; U. S. Const. art. 1, § 10; *Von Hoffman* v.
*Quincy,* 4 Wall. 535; Cooley on Const. Lim. [6th ed.] 344;
*Bronson* v. *Kuzia,* 1 How. [U. S.] 311; *McCracken* v.
*Hayward,* 2 How. [U. S.] 608; *Boice* v. *Boice,* 27 Minn. 371.)
The resolutions are to be treated as acts of the legislature.
(*Hubbard* v. *Sadler,* 104 N. Y. 223.) The relator's motion
papers were properly drafted. (*People* v. *Carpenter,* 24
N. Y. 86; *People ex rel.* v. *Bd. Suprs.,* 153 N. Y. 370;
*People ex rel.* v. *Mayor, etc.,* 144 N. Y. 63; *In re Freel,*
148 N. Y. 166.) The grading commissioners were legally
appointed and had authority to make the contract in question.

384     People ex rel. Dady v. Supervisor.     [Nov.,

Points of counsel.     [Vol. 154.

(*Carpenter* v. *People*, 64 N. Y. 483 ; *Lambert* v. *People*, 76 N. Y. 220 ; *In re Kendall*, 85 N. Y. 305.) The papers on the original motion, which have been submitted on this motion, do not in any way affect the rights of the relator. (*People ex rel.* v. *Flagg*, 46 N. Y. 401.) All of the questions raised by the respondent with regard to the regularity of the proceedings were questions which could have been raised in opposition to the motion to confirm the report of the grading commissioners ; the failure to do so makes it a judgment which cannot be now attacked. (*In re Dept. of Parks*, 73 N. Y. 560 ; *In re Arnold*, 60 N. Y. 26 ; *In re U. E. R. R. Co.*, 112 N. Y. 61 ; *Dolan* v. *Mayor*, *etc.*, 62 N. Y. 472 ; *Meth. Church* v. *Mayor*, *etc.*, 55 How. Pr. 57.)

*Joseph A. Burr* for respondent. The papers of relator are entirely insufficient, if uncontradicted, to authorize the granting of the writ. (High on Ex. Leg. Rem. [3d ed.] § 450 ; *People ex rel.* v. *Mayor*, *etc.*, 149 N. Y. 223 ; *Knapp* v. *City of Brooklyn*, 97 N. Y. 520 ; *Sprague* v. *Parsons*, 11 Civ. Pro. Rep. 18.) The petition of the relator is insufficient in that it fails to state in two respects specific facts which, if undisputed, would clearly entitle him to the relief sought, viz. : As to the authority of the board of supervisors to pass the resolution for the grading and construction of Neptune avenue, and as to the sufficient performance of the work to entitle him to payment on account thereof. (L. 1881, ch. 554, § 1 ; *In re Freel*, 73 N. Y. S. R. 335 ; *City of Buffalo* v. *Holloway*, 7 N. Y. 493 ; *Cohn* v. *Goldman*, 76 N. Y. 284 ; *People ex rel.* v. *Comrs. of Highways*, 54 N. Y. 276 ; *Sheridan* v. *Jackson*, 72 N. Y. 170 ; *Austin* v. *Goodrich*, 49 N. Y. 266 ; *People ex rel.* v. *Hayt*, 66 N. Y. 606 ; *In re Guess*, 38 N. Y. Supp. 91.) The proceedings of the grading commissioners, including the making of the contract to improve Neptune avenue, if made under the resolution of June 13, 1892, are invalid, for the reason that the resolution of that date authorizes the improvement of the avenue between the Ocean Parkway and West Sixth street, and between West Sixth street and the old line

of lot 47, while the map, the assessment roll and the report of the commissioners show that the contract was only made for the improvement of the avenue for a portion of the distance, namely, between West Fifteenth street and the old line of lot 47. (*People ex rel. v. Bd. Suprs.*, 89 Hun, 242; *Speir* v. *Town of New Utrecht*, 121 N. Y. 420.) The appointment of the grading commissioners on February 1, 1893, for the purpose for which they were appointed, viz., to grade Neptune avenue between West Fifteenth street and lot 47, did not make them even *de facto* officers, so that their subsequent acts became valid. (*Smith* v. *Mayor, etc.*, 37 N. Y. 520; *People* v. *White*, 24 Wend. 539; *Long* v. *Mayor, etc.*, 81 N. Y. 425; *In re Kendall*, 85 N. Y. 302.) The act of 1895 (Ch. 639), which substitutes a new scheme for local improvements in place of that provided in the act of 1893 (Ch. 171), was not in violation of the Federal Constitution. It simply substituted another remedy to the party interested without in any way interfering with his vested rights. (*Curtis* v. *Whitney*, 13 Wall. 68; Black on Const. § 192; *Lord* v. *Thomas*, 64 N. Y. 107.) The town of Gravesend is not authorized to issue bonds for this improvement unless the assessment for the same is, in all respects, legal and valid. (L. 1893, ch. 171.) This application must be denied, because the necessary persons are not parties to this proceeding. (L. 1894, ch. 449, § 6; L. 1895, ch. 639, § 2.)

BARTLETT, J. The relator is the assignee of a contract made on the 26th of February, 1893, with one John Curran by the grading commissioners of the former town of Gravesend in the county of Kings, for the construction and grading of Neptune avenue, between West Fifteenth street and old lot forty-seven, according to the specifications accompanying the contract, for the sum of $290,000, payable in installments as work progressed.

Curran did a considerable amount of work, but died on the 21st of November, 1893, and his legal representatives executed an assignment of the contract to relator. The amount

now claimed by the relator as due him for work he has already performed is $3,011.55.

The grading commissioners refuse to pay this amount on the ground that the moneys have not been raised by the supervisor of the town as required by law.

On the 25th of November, 1885, under the provisions of chapter 554 of the Laws of 1881, the board of supervisors of the county of Kings passed a resolution providing for the opening of Neptune avenue between West Sixth street and old lot forty-seven. Commissioners were appointed and the usual proceedings taken, and on the 7th of May, 1886, the Supreme Court made an order confirming the report of the commissioners and vesting the land condemned in the town of Gravesend for the purposes of a public highway between West Sixth street and old lot forty-seven.

On the 13th of June, 1892, the board of supervisors, under the act of 1881, provided by resolution for the grading of Neptune avenue between West Sixth street and old lot forty-seven, but nothing was done under this resolution, and, on the 12th of December, 1892, a second resolution was passed providing, among other things, for the closing of that portion of the avenue between West Sixth street and West Fifteenth street, for a change of the lines and for the opening and grading thereof between those points. Before anything was done under this resolution, and on the 30th day of January, 1893, a resolution amending and rescinding in part the resolution of June 13, 1892, was passed, so that it only provided for the constructing and grading of Neptune avenue between old lot forty-seven and West Fifteenth street. It was for this constructing and grading that the commissioners entered into the contract with John Curran, to which reference has been made.

Under chapter 118 of the Laws of 1892, as amended by chapter 171 of the Laws of 1893, provision was made for the issue by the supervisors of the town of Gravesend of the bonds of the town for the purpose of raising money to defray the expenses of constructing and grading streets and avenues therein.

By chapter 449 of the Laws of 1894, entitled "An act to provide for the annexation to the city of Brooklyn of the town of Gravesend in Kings county," that town became the 31st ward of the city of Brooklyn, but it was expressly provided under section 6 of this act that all proceedings pending and unfinished for opening, grading and improving any street or avenue in the town should be continued and completed in the same manner and under the same laws and with the like effect as though the act had not been passed.

It was by reason of this exception, contained in the act of 1894, that the relator sought to compel the supervisor of the town of Gravesend and other officials to issue bonds under the act of 1893.

The Special Term held that the relator was entitled to the peremptory writ of mandamus compelling the issuance of the bonds to an amount sufficient to defray the expenses of constructing and grading Neptune avenue under his contract.

The Appellate Division reversed this order on the single ground that chapter 639 of the Laws of 1895, entitled "An act to provide for the payment of the cost of local improvements and bonds issued for the payment thereof in the late town of Gravesend, now the 31st ward of the city of Brooklyn," established a new and complete scheme applicable to the changed condition of things arising out of the annexation of the town to the city, for the issue of bonds for all local improvements (except sewers) not yet paid for in the late town of Gravesend, and that the act of 1893 must be deemed repealed.

We are of opinion that the court below overlooked the fact that, while the act of 1895 constitutes a commission for the purpose of ascertaining and determining the amounts due and unpaid upon bonds issued for certain local improvements in the late town of Gravesend, including the continuance of work of like character now in progress and unfinished, as they in their discretion may determine ought to be completed, nevertheless their awards and findings upon any of the claims or matters submitted for their investigation and report, are

only binding upon such persons as voluntarily appear before them and submit to their jurisdiction. (Ch. 639, Laws of 1895, § 1.)

It is not claimed that the relator has sought to avail himself of the provisions of this act, nor is it reasonable to suppose that he would submit the question of whether or not the work under his contract on Neptune avenue should be completed, to the discretion of these commissioners.

If, as the court below seems to have held, the act of 1895 compelled the relator to submit his rights to the commissioners named therein, it would clearly be unconstitutional as impairing the obligation of his contract.

It is quite obvious, however, that the legislature contemplated no such result, and simply created a commission before whom parties might voluntarily appear for the adjustment of their rights.

This is in harmony with the provisions of the Annexation Act of 1894, already referred to, for continuing all unfinished street-opening proceedings, and allowing their completion under the same laws and with like effect as though the act of 1894 had not been passed.

On the present appeal the respondent presents additional points in support of the order of the Appellate Division refusing relief to the relator.

It is urged that the papers of the relator are insufficient, if uncontradicted, to authorize the granting of the writ.

While some of the statements of the petition are very general, yet, as they stand uncontradicted except as modified by a single averment in the opposing affidavits that will presently be considered, they must be taken as true on this appeal. (*People* v. *R.*, *W. & O. R. R. Co.*, 103 N. Y. 95.)

The existence of the contract, its assignment to relator, and the engineers' certificate thereunder in relator's favor, are all alleged in general terms, and stand admitted.

It is argued that the grading commissioners who made relator's contract with Curran must have been appointed under the resolution of June 13th, 1892, and that the resolutions of

December 12th, 1892, and January 30th, 1893, did not in any way qualify or control their appointment.

If this position can be maintained the law laid down in the first proceeding, which was under the resolution of June 13th, 1892, must control the case now before us, and the appointment of the grading commissioners is to be regarded as covering only a part of the work contemplated, and, therefore, void. (*People ex rel. Dady* v. *Supervisor*, 89 Hun, 241.)

We have heretofore referred to the substance of these resolutions, and it is sufficient now to say that the effect of the resolutions of December 12th, 1892, and January 30th, 1893, is to so amend the resolution of June 13th, 1892, as to limit the work of constructing and grading Neptune avenue to the portion thereof between West Fifteenth street and old lot forty-seven, and covered by the relator's contract, and consequently the appointment of grading commissioners for that portion of the original work contemplated by the resolution of June 13th, 1892, is regular, unless the point taken by the respondent in his opposing affidavits must be sustained, to the effect that, as the resolution of January 30th, 1893, was not approved by the supervisor at large until February 2nd, 1893, and was not valid until so approved, it follows that the certificate of appointment of the grading commissioners, bearing date February 1st, 1893, is void.

The certificate of appointment refers in express terms to the resolutions of June 13th, 1892, and January 30th, 1893.

By resolution No. eight, section 18, of the supervisors of Kings county, it is provided that after the filing and confirmation of the report of the opening commissioners the supervisor of the town of Gravesend shall appoint three grading commissioners, who shall take an oath of office and file it with the town clerk. It follows that this appointment was not complete until the official oath was duly taken and filed. The oath was taken on the 4th day of February, 1893, two days after the supervisor at large had approved the resolution of January 30th, 1893, and the appointment of the grading com-

missioners and their oath of office were not filed with the town clerk until February 5th, 1893.

The appointment, therefore, was not fully completed until after the resolution under which it was made was in full force and effect.

We hold that the grading commissioners were lawfully appointed and the contract sought to be enforced by the relator is valid so far as it is affected by the regularity of this appointment.

It is further urged that, assuming this proceeding is proper, there is a defect of parties, as not only the supervisor of the town of Gravesend, but the town treasurer and clerk, who must join in the execution of the bonds, are necessary parties. It is a complete answer to this suggestion that the grading commissioners refused relator payment for the alleged reason that the supervisor of the town had not raised the money in the manner provided by law. It is fair to assume if the courts direct the supervisor to perform his duty in the premises the other town officials will respect the decision and obey it.

Several questions were argued that are not properly here, as they should have been presented on the motion to confirm the report of the opening commissioners laying out Neptune avenue.

The order of confirmation is in the nature of a judgment and cannot be attacked collaterally at this time. We do not regard any of the points urged as jurisdictional and rendering the original proceeding to lay out the avenue void. The order of confirmation has stood unattacked since March, 1886.

We have considered all the points discussed, but will not deal with them further in detail except to say that we do not think any modification of the order of the Special Term is necessary, as bonds need not be issued from time to time beyond the amount necessary to pay the relator such sums as may be justly due him under proper certification.

It may be a hardship for the taxpayers of the former town of Gravesend, now the 31st ward of the city of Brooklyn, to be compelled to proceed with the opening and grading of that

portion of Neptune avenue lying between West Fifteenth street and old lot forty-seven, but the court can afford no aid if the officials of the town in times past have acted with bad judgment and extravagance. Our sole duty is to determine whether their action conformed to the strict provisions of the law then existing.

There is no attack on the good faith or honesty of the deceased contractor or his assignee, the relator, and their rights must be protected.

The order of the Appellate Division should be reversed and the order of the Special Term affirmed, with costs.

All concur, except ANDREWS, Ch. J., not voting, and VANN, J., not sitting.

Ordered accordingly.