(28 App. Div. 475.)

## SCHAFHAUS v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department.　April 19, 1898.)

OPENING STREET—PROCEDURE.

　　To rescind a resolution closing a street is virtually to adopt a resolution opening it; and, to make the recission effective, the same formalities must be observed as would be necessary to open a street in the same locality in the first instance.

Action by Bertha Schafhaus against the city of New York.　Submission of controversy on agreed statement of facts.　Judgment for plaintiff.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Arthur Hurst, for plaintiff.

Almet F. Jenks, for defendant.

WILLARD BARTLETT, J.　The object of this proceeding is to establish the plaintiff's right to the possession of certain premises which she occupies for purposes of floriculture, in the former town of Gravesend, now the Thirty-First ward of the borough of Brooklyn.　There is no doubt that these premises are situated in Neptune avenue, as that street was duly opened by proceedings taken in 1885 and 1886.　On December 12, 1892, however, the board of supervisors of Kings county adopted a resolution changing the line of Neptune avenue, which had the practical effect of moving that avenue 40 feet to the south of its original location, between West Sixth street and West Fifteenth street.　This action closed the northerly half of Neptune avenue as originally laid out between the streets mentioned, and it is within the portion thus closed that the greenhouses and other structures of the plaintiff are located.　The contention of the defendant is that this resolution closing the north half of a part of Neptune avenue was rendered ineffectual by the subsequent action of the board of supervisors, on May 1, 1893, before the plaintiff acquired title to the property in controversy, in adopting a resolution which in terms rescinded that adopted on December 12, 1892; and hence that the portion of the avenue occupied by the plaintiff's hothouses and appurtenances is to be regarded as though no proceedings had ever been taken to close it, and not only as having been a public street when the plaintiff purchased her property, but as being a public street to-day.　The difficulty with this view is that the proceedings to close it were effectual in law, while the proceedings to reopen it were not.　The authority of the board of supervisors to act in the matter was derived from chapter 289 of the Laws of 1892.　The board was by that act empowered to authorize the laying out, opening, grading, construction, closing, and change of line of such a street as Neptune avenue or any part thereof; but its power in these respects could be exercised only on the petition of property owners of more than half the frontage on the street or avenue, or, in lieu thereof, upon the certificate of certain town officers that

the improvement was in their judgment proper and necessary for the public interest. When the board of supervisors undertook to close the part of Neptune avenue in question, by the resolution of December 12, 1892, the various preliminary requirements of the statute in respect to this certificate were all complied with; and so, as I have said, the closing of that portion of the street was legally accomplished. When, however, we come to the rescinding resolution, we find that none of the conditions were observed which the act prescribes as essential to the exercise of authority on the part of the board of supervisors in the opening of a street. There was no consent of the property owners, nor was there any certificate of the town officers. But one or the other of these was as necessary to give validity to the rescinding resolution as it was to afford a legal basis for the resolution closing the north half of the avenue between West Sixth street and West Fifteenth street. To rescind a resolution closing a street is virtually to adopt a resolution opening it; and, to make the rescission effective, the same formalities must be observed as would be necessary to open a street in the same locality in the first instance. This view is in no wise in conflict with the proposition that the power to enact an ordinance or resolution ordinarily implies the power to repeal or rescind it. The board of supervisors did have the power to rescind the resolution of December 12, 1892, but only by complying with the conditions which were a statutory prerequisite to the adoption of the resolution.

Upon the agreed statement of facts, the city of New York has no easement or other right in the premises occupied by the plaintiff, and she is entitled to an injunction restraining the municipal authorities from interfering in any manner with her possession. All concur.