(69 App. Div. 409.)

#### PEOPLE ex rel. DADY v. COLER, City Comptroller.

(Supreme Court, Appellate Division, Second Department.   March 7, 1902.)

1. MUNICIPAL IMPROVEMENTS—CERTIFICATES FOR PAYMENT.

Under Laws 1894, c. 449, § 6, relating to annexation of a town to a city, and directing that pending proceedings for grading streets shall be continued and completed in the same manner, and under the same laws, as though there had been no annexation, the supervisor, town clerk, and justices of the town in office at time of annexation, or the survivors of them, are to make the certificate, as to work on such grading, required by Laws 1893, c. 171, § 8, providing that no payments therefor shall be made except on the certificate of the supervisor, town clerk, and justices of the town.

2. SAME—CONTRACTS.

Under Laws 1893, c. 171, § 8, providing that no payments for grading streets shall be made except on certificates of certain officers of the town, the grading commissioners have no power to make a contract dispensing with the certificate of such officers, and making that of the engineer sufficient.

Appeal from special term, Kings county.

Mandamus, on the relation of Michael J. Dady, against Bird S. Coler, comptroller of the city of New York.   From order granting peremptory writ, entered October 2, 1901, defendant appeals.   Reversed.

Argued before BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

William J. Carr (Luke D. Stapleton, on the brief), for appellant.

James C. Church (Jerry A. Wernberg, on the brief), for respondent.

WILLARD BARTLETT, J.   The order which this appeal brings up for review demands the issuance of a peremptory writ of mandamus directing the comptroller of the city of New York, who has

succeeded to the functions of the town treasurer of the late town of
Gravesend, to pay the relator $15,185.03 from the fund realized by the
sale of bonds of the town of Gravesend, for the purpose of raising
money for the grading of Neptune avenue.  The relator was the as-
signee of a contract for the construction and grading of Neptune ave-
nue, originally awarded to John Curran.  The legislation in regard
to the raising of moneys with which to pay for this and similar local
improvements was quite fully considered by the court of appeals in the
case of People v. Supervisor of Town of Gravesend, 154 N. Y. 381,
48 N. E. 813.  The relator's claim in the present proceeding is not on
account of work done under the original contract, but arises out of
certain extra work which he claims to have performed at the request
and direction of the engineer and inspector appointed by the grading
commissioners, and with the approval and by the direction of the
grading commissioners themselves.  The allegation of relator's affi-
davit on this subject is as follows:

"That, by reason of the refusal of the defendant and his predecessor in office
and the other officials of the town of Gravesend to perform their duties until
compelled to do so by orders of the court, certain of the physical conditions sur-
rounding the work of constructing such street, which were not in existence at
the time that such contract was made or at the time that the relator received
his first certificate in August, 1894, were greatly changed, and by the request
and direction of the engineer and inspector duly appointed by said grading
commissioners. and with the approval and direction of said grading commis-
sioners, the relator herein was required to perform additional work, not called
for or covered by the specifications or contract in question; that the amount
of such extra work and materials not called for by such contract equals the
sum of fifteen thousand one hundred and eighty-five and three one-hundredths
dollars ($15,185.03), as per bill of items hereto annexed."

In the same affidavit the relator further alleges that the inspector in
charge of the work, and the engineer appointed by the grading com-
missioners, "have duly given their certificates to the effect that the
amount of such charges is reasonable and proper, and that the relator
is entitled to payment therefor."

No other certificate as to the propriety of the desired payment ap-
pears to have been obtained by the relator.  I think that another and
different certificate is required by law before he can become entitled to
enforce his present claim.  The money now in the hands of the comp-
troller of the city of New York, as successor of the town treasurer of
Gravesend, applicable to the payment of claims of this character, was
obtained by the sale of bonds, the issue of which was authorized by
chapter 118 of the Laws of 1892, as amended by chapter 171 of the
Laws of 1893.  In section 8 of this statute, provision is made for the
application of a portion of the money received from the sale of bonds
to the compensation of the town assessors, and the supervisor is di-
rected thereafter to pay the balance to the town treasurer, who is
to apply the same in payment of the demands for the construction and
carrying on of the local improvements provided for in the act.  The
manner in which these demands are to be paid is prescribed in these
words:

"Such payments to be made by said treasurer, except for the redeeming
of bonds, shall be made by the said treasurer on the certificate of the super-
visor, town clerk and justices of said town, or a majority of them, attached to

the demand, stating that the materials and labor, when for such matters, have been provided and the work done, and that no part thereof has been paid or satisfied, and as to all other demands, that the same is justly due as provided by law and wholly unpaid." Laws 1893, p. 295.

In the opinion of the court at special term it is said that the certificate required by this section is an impossibility, inasmuch as there are now no town officers in Gravesend, and have been none for some years past. This view, however, overlooks an important provision in the act of the legislature relating to the annexation of Gravesend to the city of Brooklyn, whereby all proceedings pending and unfinished at the time such act took effect, for the opening, regulating, grading, paving, or other improvement of any street or avenue in that town, were directed to be continued and completed, in the same manner, and under the same laws, and with the like effect, as though the annexation act had never been passed. Laws 1894, c. 449, § 6. Under this provision, it seems to me quite clear that the supervisor, town clerk, and justices of said town then in office, or such of them as survive, may still make the certificate prescribed by the mandatory act of 1893 (Laws 1893, c. 171) relating to local improvements in the town of Gravesend.

But it is argued in behalf of the relator that such certificate was only necessary where general claims were to be paid by the town treasurer, and were not required where work upon local improvements was being done under a contract such as that relating to the grading of Neptune avenue. I can find no basis for this distinction in the statute itself. It groups all payments into two classes: First, those to be made for materials and labor; and, secondly, "all other demands." The claim of the relator certainly falls within one of these groups or the other. Furthermore, the labor for which he now seeks payment was performed, not under the contract, but, as he himself asserts in his moving affidavit, it is "additional work, not called for or covered by the specifications or contract in question."

The learned judge who heard the case below was also of the opinion that by the terms of the specifications the engineer's certificate was made conclusive. As already intimated, I do not think the grading commissioners had any power to enter into a contract which should give such effect to a certificate by the engineer as to dispense with the necessity of a certificate by the officers mentioned in the acts of 1892 and 1893; but, even if they could, the language employed in the contract seems to me to fall very far short of giving the approval of the engineer the conclusive effect claimed for it. If the extra work has actually been done as alleged by the relator, under lawful authority, he can have no difficulty in obtaining the statutory certificate from the town officers or from the comptroller himself, if such town officers have all ceased to exist, and their auditing functions can be held to have devolved upon the comptroller. People v. Coler, 48 App. Div. 492, 62 N. Y. Supp. 964; Eppig v. City of New York, 57 App. Div. 114, 68 N. Y. Supp. 41.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs, with leave, however, to the relator to renew the application upon obtaining the statutory certificate. All concur.