(101 App. Div. 539.)

## In re OPENING OF WHITLOCK AVE.

(Supreme Court, Appellate Division, First Department. February 10, 1905.)

1. OPENING STREETS—COMMISSIONERS OF ESTIMATE AND ASSESSMENT—CONFIR-
MATION OF REPORT—VACATION.

Under Greater New York Charter of 1901 (Laws 1901, pp. 411, 413, 414,
416, 426, 429, 430, 432, c. 466) §§ 980, 981, 984, 986, 1001, 1004, 1005, 1017,
the final order of confirmation of the report of the commissioners of esti-
mate and assessment in the matter of opening a street has the force of an
adjudication from its entry so that it can be attacked only by an appeal,
or by application to set it aside, based on fraud, error, or mistake in the
proceedings.

Appeal from Special Term, New York County.

In the matter of the application of the mayor, etc., of the city of
New York, to acquire title for the purpose of opening Whitlock
avenue, in the city of New York. From an order setting aside an
order confirming the report of the commissioners of estimate and
assessment, and remitting the proceedings to said commissioners
for correction, the city of New York appeals. Reversed.

See 85 N. Y. Supp. 650.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PAT-
TERSON, INGRAHAM, and LAUGHLIN, JJ.

John P. Dunn, for appellant.
Joseph A. Flannery, for respondent.

INGRAHAM, J. This proceeding was commenced to acquire
title to the real property required for the purpose of opening Whit-
lock avenue from Hunt's Point to Westchester avenue, in the bor-
ough of the Bronx, city of New York. The commissioners of esti-
mate and assessment were duly appointed, and duly made their
report. Notice of the filing of this report, with motion to confirm
the same, was on the 22d of June, 1899, served on all parties who
appeared in the proceeding. The report was finally confirmed by
an order dated January 14, 1902, and entered on February 12, 1902.
Before the assessment included in this report had been entered in
the office of the clerk of assessments and had become a lien upon
the property assessed, and on the 3d of October, 1902, the board of
estimate and apportionment of the city of New York passed a res-
olution that 8⅓ per cent. of the costs and expenses of the proceed-
ing, including the amount necessary to acquire title to the real
estate, should be borne and paid by the city of New York; and
on the 10th of October, 1902, the Real Estate Corporation of the
City of New York, the owner of certain property assessed for ben-
efit, noticed a motion to set aside and vacate the order confirming
the report of the commissioners so far as the same related to the
assessment, upon the ground that a resolution of the board of esti-
mate and apportionment had been passed, by which a portion of
the expense of the proceeding should be paid by the city of New
York. This motion, coming on to be heard at Special Term, was
granted, and from the order granting that motion the city of New
York appeals.

The proceeding was instituted under the consolidation act prior to the passage of the charter of 1897. When the report of the commissioners was finally confirmed, however, the charter of 1901 (chapter 466, p. 1, of the Laws of 1901) was in force; and, as there is no substantial difference between the provisions of the consolidation act and this charter, reference will be made to the sections of the charter. Section 980 provides that after hearing the testimony produced by the parties interested, and considering such proofs as may be offered, the commissioners shall ascertain and estimate the compensation which ought to be made by the city of New York to the respective owners and persons entitled unto or interested in the lands and premises required for the improvement, and make a just and equitable estimate and assessment, also, of the value of the benefit and advantages of such improvement to the respective owners and persons entitled to or interested in the lands and premises not required for the said improvement, and prepare an abstract of their estimate and assessment. It also provides that the board of estimate and apportionment could in any case determine whether any, and, if any, what, proportion of the cost and expense thereof should be borne and paid by the city of New York, and the remainder of such cost and expense should be assessed upon the property deemed to be benefited thereby, and that it should be lawful for the said commissioners, if they should deem it just and equitable under the circumstances to do so, but not otherwise, to assess any part, not exceeding one-third part, of the estimated value of any building or buildings taken in the proceeding, but not of any other improvement, upon the city of New York. Section 981 provides that the commissioners should deposit in the bureau of street openings, in the law department, their abstract of their estimate and assessment at least 30 days before their report should be presented to the court for confirmation. They are also required to publish a notice stating their intention to present their report for confirmation to the Supreme Court at a time and place specified in said notice. Section 984 provides that after considering the objections, if any, and making any correction or alteration of their estimate or assessment which said commissioners shall find to be just and proper, the said commissioners shall file the said report, signed by them, or a majority of them, in the office of the clerk of the county where the lands are situated, at least five days before the time mentioned in said notice for the presentation of said report to the court for confirmation, or the date to which the same shall have been duly adjourned; that the corporation counsel may present the same for confirmation, or, in case of his neglect or refusal, any person interested in the lands taken or required for said improvement may present the same, upon notice to the corporation counsel. Section 986 provides: That the application for the confirmation of the report shall be made to the Supreme Court. That upon the coming in of the said report, and upon the hearing of the application for the confirmation thereof, the court shall, by rule or order, after hearing any matter which may be alleged against the same, either confirm the said report in whole or in part,

or refer the same, or a part thereof, to the said commissioners for revisal and correction. The said commissioners to whom the said report, or part thereof, shall be so referred, shall return the same report, or part thereof, corrected and revised, or a new report to be made by them in the premises, to the said court, without unnecessary delay; and the same, on being so returned, shall be confirmed or again referred by the said court in the manner aforesaid, as right and justice shall require; and so from time to time until a report shall be made or returned in the premises, which the said court shall wholly confirm, and such report, when so confirmed by the said court, shall, unless set aside or reversed on appeal, be final and conclusive as well upon the city of New York as upon the owners, lessees, persons, and parties interested and entitled unto the lands, tenements, hereditaments, and premises mentioned in said report, and also upon all other persons whomsoever. Section 1001 provides for the payment by the city of New York of all damages awarded by the commissioners of estimate and assessment, and section 1004 provides that the respective sums or assessments so to be assessed and reported by the said commissioners of estimate and assessment, as and for the allowance to be made by the parties and persons, respectively, in the said report mentioned or referred to, and intended as owners and proprietors of, or parties interested in, lands and premises deemed to be benefited for the improvement, shall be a lien or charge on the lands and premises in said report of said commissioners mentioned; that the owners, proprietors, and parties interested therein, and also the occupants, and each and every of them, shall, moreover, be respectively liable to pay on demand the respective sum or sums or assessments mentioned in the said report of the commissioners, and the said respective sums or assessments, with interest, may be recovered, with all costs and charges, by the city from and against the parties assessed, or the owner or owners of the respective lands and premises set forth in the report of the commissioners. Section 1005 provides that it shall be the duty of the corporation counsel to transmit to the comptroller, immediately after the confirmation of any assessment for a street or park opening, a duplicate copy of the report of the commissioners of estimate and assessment relating thereto, and, if such assessment affects property in boroughs other than Manhattan, a copy of the assessment list, and a certified copy of the order of the Supreme Court confirming the same, and it shall thereupon be the duty of the comptroller to give public notice that the same has been confirmed. By these provisions, upon the final confirmation of the report by the Supreme Court the property required for the improvement vests in the city. The owner of that property is entitled to the awards made for the property, and the amount to be contributed by the owners of the property benefited finally ascertained and determined, and the order confirming the report becomes binding upon all parties interested, unless set aside or reversed upon appeal. No subsequent action by the city or by others interested in the proceeding can affect this order. The report of the commissioners stands confirmed. The plain intent of the statute

is that the report, as confirmed by the court, shall be conclusive both as to the amount to be paid to the property owners, and the amount of the assessment to be paid by the owners of property interested. In Dolan v. Mayor, etc., 62 N. Y. 472, Rapallo, J., in speaking of the effect of the report of the board of estimate and assessment, says:

"There is nothing in the complaint showing want of notice to the plaintiff of the proceedings in the Supreme Court. That court acquired jurisdiction of the matter by the application of the city for the appointment of commissioners, and all parties had an opportunity then to litigate the validity of the resolution ordering the improvement. If no objection to the resolution was raised before the Supreme Court during the pendency of the proceedings, its validity and regularity must be deemed to have been conceded."

In Mayer v. Mayor, etc., of the City of New York, 101 N. Y. 284, 4 N. E. 336, Judge Finch says:

"In street-opening cases the confirmation is by the court, and after a hearing of all parties interested, or an opportunity to be heard, it becomes, in effect, a judgment of the court, which cannot be attacked in a collateral action, except for reasons not alleged in this action. Errors and irregularities in street-opening cases must be corrected and reviewed in the proceedings themselves, and cannot be reached by a collateral action in equity."

The order of confirmation, when entered, therefore, had the force and effect of a judgment based upon the situation as it existed when the adjudication became final, and conclusive upon all parties interested. It could be vacated by the court as a judgment could be vacated for any reason existing at the time it was made, which justified a party interested in applying for relief. It could be reversed or modified upon appeal, but, to justify the court in vacating the order on notice, some reason must be presented which would justify a court in setting aside a determination finally determining a contest between the respective parties. The provision of the statute authorizing the board of estimate and apportionment to determine whether any, and, if any, what, proportion of the costs and expenses should be borne by the city of New York, is a part of the section authorizing the commissioners to ascertain the damages to be paid, and the property benefited by the improvement, which clearly contemplates action by the board before the commissioners have reported; and no right is reserved to the board to act upon the question after the commissioners have reported, and their report has been confirmed. While the Supreme Court has power over its own judgments and orders, and the broadest authority to correct any mistake or error, to justify the vacation of a judgment or order there must be found mistake or error. By the final order the proceeding was at an end. The property required for the improvement vested in the city. The awards for that property had been fixed, and were payable. The assessments for benefits had been determined, and nothing remained but an entry of the assessment in the bureau of assessments. Whatever effect this resolution of the board of estimate and apportionment would have, it certainly could not affect the regularity of an order which finally determined this proceeding, and could not be the basis of its vacation. The learned judge at Special Term seemed to think that because this assessment had not been regularly entered, and became a lien upon the property, the proceeding was still not finally

determined, and still remained open. This seems to have been based upon section 1017 of the charter, which provides that:

"No assessments for any local improvements shall be deemed to be fully confirmed so as to be due and be a lien upon the property included in the assessment, until ten days after the title thereof, with the date of the confirmation shall be entered with the date of such entry in a record of the titles of assessments confirmed, to be kept in the office of the collector of assessments and arrears."

But this action of the comptroller or his deputies has nothing to do with the binding effect of the order of the court confirming the report of estimate and assessment. So far as the final order is concerned, it is conclusive from the date of its entry; and while the assessment is not duly confirmed, so as to be payable, until 10 days after its entry in the office of the bureau of assessments, the binding force as an adjudication becomes established upon its entry, and henceforth it can only be attacked by an appeal, or application to set it aside, based on some fraud, error, or mistake in the proceeding.

I think that the order appealed from was unauthorized, that no fact was presented to the court below which justified it in vacating the final order confirming the report of the commissioners of estimate and assessment, and that the order appealed from should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.