tainly at the time the advances under the mortgage were made. Rector, etc., v. Mack, 93 N. Y. 488, 45 Am. Rep. 260; Batterman v. Albright, 122 N. Y. 484, 25 N. E. 856, 11 L. R. A. 800, 19 Am. St. Rep. 510; McFadden v. Allen, 134 N. Y. 489, 32 N. E. 21, 19 L. R. A. 446. It follows, therefore, that the plaintiff has no lien on the mantels in question which it can assert against the defendant the Camden Construction Company, the purchaser at the foreclosure sale.

The judgment should be reversed, and a new trial ordered; costs to abide the event. All concur.

---

(68 Misc. Rep. 510.)

In re OPENING OF VANDERVOORT AVE. IN CITY OF NEW YORK.

(Supreme Court, Special Term, Kings County. August, 1910.)

EMINENT DOMAIN (§ 237*)—PROCEEDINGS TO OPEN STREET—ORDER CONFIRMING REPORT OF COMMISSIONERS—AMENDMENT BY COURT.

In proceedings for the opening of a city street, the court has power to amend an order confirming the report of commissioners of estimate and assessment, to correct a clerical error.

[Ed. Note.—For other cases, see Eminent Domain, Dec. Dig. § 237.*]

In the matter of the opening of Vandervoort Avenue, from Meeker Avenue to Maspeth Avenue, in the Borough of Brooklyn, County of Kings, City of New York. On motion to amend the report of commissioners of estimate and assessment. Motion granted.

Magner & Carew, for the motion.

Archibald R. Watson, Corp. Counsel (Edward Riegelmann, Asst. Corp. Counsel), opposed.

KAPPER, J. It is contended by the city that the order confirming the report of the commissioners herein is a finality and cannot be amended or modified by a party to the proceeding having the statutory notice of confirmation. I think the cases cited in support of this contention go no further than to hold that such a report cannot be attacked collaterally. People ex rel. Dady v. Supervisors, 154 N. Y. 381, 48 N. E. 813; Mayer v. Mayor, 101 N. Y. 284, 4 N. E. 336. In Matter of Mayor (Whitlock Avenue), 101 App. Div. 539, 544, 92 N. Y. Supp. 18, 21, Mr. Justice Ingraham, writing for the court, said:

"The order of confirmation, when entered, therefore, had the force and effect of a judgment based upon the situation as it existed when the adjudication became final and conclusive upon all parties interested. It could be vacated by the court as a judgment could be vacated for any reason existing at the time it was made which justified a party interested in applying for relief. It could be reversed or modified upon appeal; but, to justify the court in vacating the order on notice, some reason must be presented which would justify a court in setting aside a determination finally determining a contest between the respective parties. * * * While the Supreme Court has power over its own judgments and orders, and the broadest authority to correct any mistake or error, to justify the vacation of a judgment or order, there must be found mistake or error. * * * So far as the final order is concerned, it is conclusive from the date of its entry, and while the assessment is not duly

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

confirmed, so as to be payable, until 10 days after its entry in the office of the bureau for the collection of assessments, the binding force as an adjudication becomes established upon its entry, and henceforth it can only be attacked by an appeal or *application to set it aside, based upon some fraud, error, or mistake, in the proceeding.*"

On this application, the Bullion Realty Company, one of the owners whose property was taken for the opening of the street mentioned in the title in this proceeding, asks that the final order of confirmation of the commissioners of assessment herein be opened, and their report amended so far as it imposes an assessment upon two blocks, the property of the said realty company, upon the ground that, in a cession of its land to the city for the purposes of the street, that portion of the proposed street fronting on said two blocks was included in such cession, with a number of other blocks owned by said company, and that, through the fault of the stenographer to the commissioners upon the hearing in taking down or transcribing a statement of the cession, a clerical mistake was made, so as to leave out of the cession the portion fronting on said two blocks, the result of which has been an assessment upon such two blocks contrary to the agreement, stipulation, and mutual understanding of the city and the owner embodied in such cession. That such mistake was made, and that it was intended that the cession should include the portion fronting on said two blocks, and that through inadvertence and mistake the same were omitted, so as to result in an assessment that otherwise would not have been imposed, seem to be wholly without dispute. The case, therefore, seems to me to be brought clearly within the exceptions set forth in the case reported in 101 App. Div. 539, 92 N. Y. Supp. 18, supra, and this application to correct the mistake ought to be granted.

The city further contends that, as the order of confirmation was entered on the 31st day of December, 1909, the Bullion Company is guilty of laches in not making this application sooner. But this seems to me to be well overcome by the moving papers, which show that the applicant first learned of the burden which the report had inadvertently and erroneously cast upon it when its attorney, on the 1st of June, 1910, examined the records of the tax department for the purpose of ascertaining the condition thereof with regard to the taxes and assessments on said property, and that the applicant was lulled into the belief that the stipulation written down by the stenographer on the hearing actually contained the terms of the cession, inasmuch as it, the Realty Company, had duly made, executed, and delivered a deed of conveyance to the city of all its right, title, and interest in the bed of the proposed street, inclusive of the part thereof abutting on the two blocks in question.

I do not think the city ought to take advantage of any such palpable error as occurred here, and that the applicant is entitled to the relief sought.

Motion granted.