SKELLY v. CITY OF NEW YORK et al.

(Supreme Court, Appellate Division, Second Department. May 16, 1913.)

1. HIGHWAYS (§ 107*)—IMPROVEMENT—POWER OF BOARD OF SUPERVISORS.

Under Laws 1892, c. 289, authorizing any county containing an incorporated city of 1,000 inhabitants or more, when any territory beyond the limits of such city has been mapped out into streets, to establish a plan for the grades thereof, and providing that the county board of supervisors may upon petition of the majority of the property owners, or upon certificate of the supervisor, justice of the peace, and commissioners of high-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ways of the town, improve and grade such streets, the petition or certificate is a condition precedent to action.

[Ed. Note.—For other cases, see Highways, Cent. Dig. §§ 339–345; Dec. Dig. § 107.*]

2. HIGHWAYS (§ 107*)—IMPROVEMENT—POWER OF BOARD OF SUPERVISORS.

An order by the board of supervisors upon a certificate not signed by the commissioner of highways of the town is invalid.

[Ed. Note.—For other cases, see Highways, Cent. Dig. §§ 339–345; Dec. Dig. § 107.*]

3. COURTS (§ 91*)—RULES OF DECISION—DECISION OF COURTS OF APPEALS IN ERROR.

A decision of the Court of Appeals is binding on, and must be followed by, the Appellate Division.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 313, 325, 326; Dec. Dig. § 91.*]

4. HIGHWAYS (§ 90*)—IMPROVEMENTS—POWER OF BOARD OF SUPERVISORS.

The power of the board of supervisors over public improvements in a municipality is conditional, and can be exercised only in accordance with the grant from the Legislature, so as to enable the town to do what its officers certify may be done.

[Ed. Note.—For other cases, see Highways, Cent. Dig. §§ 301, 302; Dec. Dig. § 90.*]

Appeal from Special Term, Kings County.

Action by Hugh P. Skelly against the City of New York and others. From a judgment for defendants, plaintiff appeals. Affirmed.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and RICH, JJ.

Arthur J. Stern, of Brooklyn (Louis J. Somerville, of Brooklyn, on the brief), for appellant.

John B. Shanahan, of Brooklyn (James D. Bell, of Brooklyn, on the brief), for respondents.

THOMAS, J. The plaintiff has been dismissed in an action to cancel assessments made for the expense of improving Neptune avenue, so far as the same affects his property lying between West Fifteenth street and old lot 47 (West Thirty-Sixth street) in the town of Gravesend, afterward brought into the city of Brooklyn, and later in the city of New York. The board of supervisors passed three resolutions severally on June 13, and December 12, 1892, and January 30, 1893. The first resolution, with exception not herein important, provided for improving the avenue between West Sixth and old lot 47. The second purported to shift 40 feet to the south the lines of the avenue and to grade it. The third resolution purported to rescind the first, so far as it provided for improving the avenue between West Sixth and West Fifteenth streets. Hence, assuming the validity of the resolutions, the supervisors enacted that Neptune avenue should be shifted in location between West Sixth and West Fifteenth streets, and should be improved by grading, etc., between West Fifteenth and West Thirty-Sixth streets.

[1, 2] But the board of supervisors had no power to open or to improve without the petition of the property owners of more than

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

one-half of the frontage on the avenue, or in lieu thereof upon the certificate of certain town officers that the improvement was in their judgment proper and for the public interest. Chapter 289, Laws of 1892; Matter of People ex rel. Dady v. Supervisor, 154 N. Y. 381, 48 N. E. 813. Such a proper certificate, dated May 5th, was furnished before the passage of the resolution of June 13, 1892, and the validity of that resolution is unquestioned. Another certificate, dated December 7, 1892, was presented, upon which the resolution of December 12th was based. But that certificate was not signed by the commissioner of highways, and for that reason was void, as was decided by the Supreme Court at Special Term, by the Appellate Division, and by the Court of Appeals in Schafhaus v. Coney Island & Gravesend Electric Railway Co., 120 App. Div. 890, 105 N. Y. Supp. 1142; 196 N. Y. 557, 90 N. E. 1165. It is true that in Schafhaus v. City of New York, 28 App. Div. 475, 51 N. Y. Supp. 114, affirmed without opinion 159 N. Y. 557, 54 N. E. 1094, it was decided that the resolution of December 12th was valid, and that the resolution to rescind it on May 1, 1893, was invalid, in the absence of proper preliminary certificate. But the decision was upon a submitted controversy, wherein it was stipulated that precedent conditions had been performed which was not the fact, unless the certificate of May 5, 1892, served the purpose. But that certificate did not relate to the subject of the resolution of December 12th. Hence the resolution of December 12th was void, and indeed it is ignored by the resolution of January 30, 1893, that sought to exempt from the resolution of June 13th that part of the avenue between Sixth and Fifteenth streets. The result was that when the grading commissioners were appointed, in terms at least pursuant to the first and third resolutions, the lines of Neptune avenue were unchanged, although the supervisors considered that they had changed them.

[3, 4] But I do not understand that this vain attempt to change the lines is claimed to affect the present question; but the primary inquiry is whether the board of supervisors could, on the basis of the certificate of May 5, 1892, which authorized the resolution of June 13, 1892, for the grading of the avenue between West Sixth street and old lot 47 (save as excepted), rescind on January 30th so much of the first resolution as related to the avenue between Sixth and Fifteenth streets. It is not the question whether it could rescind its resolution in toto; but could it, unmoved by a certificate authorizing the improvement of an avenue of many blocks, limit the improvement to a portion thereof, disregarding the scheme adopted by the authorities of the town, and selecting a plan of its own. The power of the Legislature is plenary; that of the supervisors to legislate is conditional. What a town would do within its limits the supervisors could adopt and further reject; but it was not the intention of the statute that the supervisors should disintegrate the plan certified, and use such fragment of it as it would select. In the Dady Case allegations that all the preliminary requirements, upon which the power of the supervisors to pass the resolutions of June 13th and December 12th was conditioned, had been complied with, were not denied, nor was the illegality of the resolution of January 30th affirmed. The opinion states:

"While some of the statements of the petition are very general, yet as they stand uncontradicted, except as modified by a single averment in the opposing affidavits that will presently be considered, they must be taken as true on this appeal. People v. R., W. & O. R. R. Co., 103 N. Y. 95 [8 N. E. 369]."

The "single averment" was later considered, but it does not relate to the present question. The court was urged by the corporation counsel to consider and decide that the later resolutions were invalid for the very reason now urged; but it was decided that they were valid in these words:

"It is argued that the grading commissioners, who made relator's contract with Curran, must have been appointed under the resolution of June 13, 1892, and that the resolutions of December 12, 1892, and January 30, 1893, did not in any way qualify or control their appointment. If this position can be maintained, the law laid down in the first proceeding, which was under the resolution of June 13, 1892, must control the case now before us, and the appointment of the grading commissioners is to be regarded as covering only a part of the work contemplated, and therefore void. People ex rel. Dady v. Supervisor, 89 Hun, 241, 35 N. Y. Supp. 91. We have heretofore referred to the substance of these resolutions, and it is sufficient now to say that the effect of the resolutions of December 12, 1892, and January 30, 1893, is to so amend the resolution of June 13, 1892, as to limit the work of constructing and grading Neptune avenue to the portion thereof between West Fifteenth street and old lot 47, and covered by the relator's contract; and consequently the appointment of grading commissioners for that portion of the original work contemplated by the resolution of June 13, 1892, is regular, unless the point taken by the respondent in his opposing affidavits must be sustained, to the effect that, as the resolution of January 30, 1893, was not approved by the supervisor at large until February 2, 1893, and was not valid until so approved, it follows that the certificate of appointment of the grading commissioners, bearing date February 1, 1893, is void."

The action was to compel the supervisors of the town to issue bonds to pay for work done under a contract authorized, if at all, by the proceedings taken; and the defense, among other things, was that the supervisors had not the power to pass the restricting resolution. Did the court decide the question in view of the fact, stated by it, that there was undenied allegation of compliance, or, irrespective of such state of the record, did the court decide that the proceeding was valid? The discussion in the opinion was quite needless, if the record showed that the validity of the resolution was not in issue; and the decision constrains the conclusion that the resolution of January 30th is valid, although I should otherwise consider it void, inasmuch as the board of supervisors had jurisdiction only to enable the town to do what its officers certified should be done, and not to reject a part or make selection of some fractions of the work proposed by the town. The Legislature of the state had delegated to the supervisors power to permit the town to do certain things pertaining to its local affairs; but it did not empower the supervisors to initiate or refashion plans for the internal improvement of the town.

The other objections to the validity of the proceeding have been severally considered; but none of them require the disturbance of the judgment, which should be affirmed, with costs. All concur.