ELWAY CO. v. PETTIT et al.

(Supreme Court, Appellate Division, Second Department.  May 16, 1913.)

Appeal from Special Term, Kings County.

Action by the Elway Company against Louie R. Pettit and another.  From a judgment for plaintiff, defendants appeal.  Affirmed.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, THOMAS, and STAPLETON, JJ.

PER CURIAM.  Judgment affirmed, with costs, on the authority of Skelly v. City of New York, 141 N. Y. Supp. 955, decided herewith.

HIRSCHBERG, J., not voting.

---

(80 Misc. Rep. 639.)

FIFTY-FOURTH STREET REALTY CO. v. GOODMAN.

(Supreme Court, Appellate Term, First Department.  May 15, 1913.)

ELECTION OF REMEDIES (§ 12*)—RESORT TO INEFFECTIVE REMEDY—"ELECTION."

A landlord, who institutes a summary proceeding under Code Civ. Proc. § 2231, subd. 1, against a tenant as a hold-over, is not deprived by election of subsequently instituting summary proceedings under · subdivision 2 against the tenant for nonpayment of rent; the prior proceeding not being maintainable, and the doctrine of "election" being predicated on inconsistent remedies actually existing.

[Ed. Note.—For other cases, see Election of Remedies, Cent. Dig. § 15; Dec. Dig. § 12.*

For other definitions, see Words and Phrases, vol. 3, pp. 2329–2336; vol. 8, pp. 7647, 7648.]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Summary proceedings by the Fifty-Fourth Street Realty Company, as landlord, to dispossess Fred F. Goodman, as tenant.  From an order dispossessing the tenant for nonpayment of rent under a written lease, he appeals.  Affirmed.

Argued May term, 1913, before LEHMAN, BIJUR, and WHITAKER, JJ.

Armin Kohn, of Flushing, for appellant.
W. B. & G. F. Chamberlain, of New York City, for respondent.

BIJUR, J.  The only point raised by appellant on this appeal is that, by reason of an "election" previously made, the landlord is barred from successfully prosecuting the present proceeding.  It appears that on February 4, 1913, the landlord served upon the tenant a notice that his lease was terminated for condition broken, namely, nonpayment of rent due February 1, 1913, and thereupon instituted summary proceedings, under subdivision 1 of section 2231 of the Code, against the tenant as a hold-over.  This proceeding the landlord shortly thereafter discontinued, no doubt because he found that it was not maintainable.  The lease provides that, in case of default in covenants, "said landlord may re-enter without notice by summary pro-